FERDINAND M. CROSBY v. VERMONT ACCIDENT INSURANCE
COMPANY.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed July 31, 1911.

*Accident Insurance—Waiver of Right to Forfeit Policy—Implied
Waiver—Acceptance of Premiums—Conduct of Insured—
Provisions of Policy—Validity—Construction—Non-payment
of Premiums—Reinstatement—Insurer's. Liability after De-
fault.*

The following provisions of an accident insurance policy are reasonable
and valid: That premiums are to be paid on or before the first day
of each month; that the payment of a premium after the date specified
in the premium receipt shall not continue the insurance after the date
for payment of the next monthly premium; that the acceptance of
any past-due premium shall be optional with the insurer, and shall
not be a waiver of the forfeiture of the policy, nor of any of the insurer's
rights, but shall have the same effect as if a new application had been
made and a new policy issued on the day following the acceptance.

In the absence of fraud, an insured, by signing an application for accident
insurance, accepting the policy, and bringing suit thereon, must be
held to have had notice of, to have understood, and to have agreed to,
the terms, limitations, and conditions contained in the application
and in the policy.

An insurer's course of conduct may give the insured a reasonable ex-
cuse for defaulting a premium when due, but to have that effect
such course of conduct must be more than action within the express
terms of the policy, it must be conduct on which the insured has a
right to rely as affording him a just and reasonable ground to infer
that forfeiture will not be asserted.

A written instrument should be interpreted by its context, and so as to give
a sensible meaning and effect to all its provisions if possible, and so
as to avoid rendering portions of it contradictory and inoperative
by giving effect to some clauses to the exclusion of others.

Where a policy of accident insurance provides for monthly payments to
the insured upon his total loss of time from an accident that should
wholly, and continuously from its date, disable him from any business

or occupation, and for like payments for partial disability, and requires premiums to be paid in advance on or before the first day of each month during the continuance of the policy, on each of which payments the insurance is continued from the date of the policy until the first day of the next calendar month, the acceptance of past due premiums being made optional with the insurer, and in no case to be a waiver of forfeiture, but to have the same effect as if a new application had been made and a new policy issued on the day following the acceptance, and the insured was injured on June 5, but each of the payments for the four preceding months had been made after the first day of the month, and on June 7 the insured sent the premium for that month, which was accepted on June 8 in ignorance of the accident, the policy had lapsed from June 1 until its renewal on June 8, and so there was no insurance against the accident that had occurred during that time.

ASSUMPSIT on a policy of accident insurance. Plea, the general issue. Trial by court on an agreed statement of facts at the December Term, 1910, Addison County, *Stanton*, J., presiding. Judgment for the defendant to recover its costs. The plaintiff excepted. The opinion states the case.

Charles I. Button for the plaintiff.

By the insurer's continual acceptance of over due premiums the insured was led to believe that he might make payment at any time during the month, and this conduct on the part of the insurer constituted a waiver of the right to forfeit the policy for default of seasonable payment. *Sweetzer* v. *Odd Fellows Mutual Aid Association*, 117 Ind. 97; *Painter* v. *Industrial Association*, 131 Ind. 69; *Globe Mutual Life Ins. Co.* v. *Wolff*, 95 U. S. 326; *White* v. *McPeck*, 185 Mass. 451; *James* v. *Mutual Res. Fund etc. Association*, 148 Mo. 1.

T. W. Moloney for the defendant.

WATSON, J. The policy in question was issued April 2, 1907. By its terms premiums were to be paid by the insured, one dollar in advance on or before the first day in each month during the continuance of the policy; and by such payment on delivery of the policy, the plaintiff was insured from twelve o'clock noon of the day the contract was dated until twelve

o'clock noon of the first day of the next calendar month.    It is provided in the policy, "that the payment of any premium after the date specified on the premium receipt shall not continue this insurance to a date later than the date for payment of the next monthly premium, nor shall the acceptance of any premium after it is due be construed as a waiver of any of the rights of the company under this contract;" also, "the policy is issued to and accepted by the insured subject to the following provisions: * * * . Reinstatement. E. The acceptance of any past due premium is optional with the company, and shall not in any case be a waiver of the forfeiture of this contract, but shall be construed to have the same effect as if a new application had been made and a new policy issued on the day following such acceptance." In the plaintiff's application for the insurance, which is made a part of the policy, he states: "I hereby apply for a policy of insurance to be based upon the following statements, all of which I hereby warrant to be complete and true; and in consideration of the company accepting monthly premiums, I hereby waive all notice (whether required by statute or not), (1) to pay such premiums, (2) of default in payment thereof, and (3) of forfeiture of the policy for nonpayment of such premium, and I agree if any of such statements shall be untrue, or if said waiver of notice shall be inoperative, or if I fail to fulfil any agreement herein made, then, in either case, said policy and insurance shall be null and void;" and "I further agree to accept the policy subject to all its conditions, and to pay the monthly premiums of one and no-100 dollars in advance, without notice."

The premiums were paid by the plaintiff according to the terms of the policy till February 1909. For that month the payment was made on February 8; for March, on March 6; for April, on April 24; for May, on May 28; and for June, on June 8.    In July and in each month thenceforth till and including November, the premium was paid when due.  On June 5, 1909, the plaintiff, then in default of payment of the premium for that month, was injured by accident, resulting in his total and absolute disablement to work from the day of the injury until July 17, and a partial disability from the latter date until October 5, 1909.  The money to make the June payment

was sent by the plaintiff June 7, but it was not received by the company until June 8, on which day its receipt therefor was given. The plaintiff did not then inform the company, nor did the latter know at the time it received said payment and gave the receipt therefor, that the plaintiff had been injured. About June 11, it was notified by the plaintiff of his injury.

The plaintiff contends that by the company's acceptance of the past due premiums in the months of February, March, April, and May, respectively, 1909, as above stated, he was led to believe that he might make payment of the premium at any time during the month for which it was due, and that notwithstanding the premium for June was overdue and unpaid at the time of the accident, the company is estopped from claiming that the policy was not then in force. Yet the record does not show such a course of conduct on the part of the company as gave the plaintiff just and reasonable ground to infer that a forfeiture would not be exacted. The provisions of the contract respecting the payment of premiums at stated periods in advance, the effect of a default therein, the option of the insurer to receive past due premiums and the effect of such acceptance, are material and reasonable between the insurer and the insured. And in the absence of fraud or imposition, the plaintiff, by signing the application, accepting the policy, and bringing suit on it, must be held to have had notice of, to have understood, and to have agreed to, the terms, limitations, and conditions contained in the application and in the policy. *Grace* v. *Adams,* 100 Mass. 505, 97 Am. Dec. 117, 1 Am. Rep. 131; *Brown* v. *Mass. Mut. Life Ins. Co.,* 59 N. H. 298, 47 Am. Rep. 205.

The plaintiff knew that unless he paid the monthly premium in advance on the date specified, the policy would lapse and he would be without protection by his own fault. He also knew the effect of the acceptance of past due premiums by the company in the exercise of its optional right to be as expressly stipulated in the contract. There is no doubt that the course of conduct by the insurer may be such as to afford a basis for a reasonable excuse for defaulting a premium when due. But to have that effect something more than a course of action within the express terms of the policy,—such only as was had in this instance,—is required. It must be a course of conduct

on which the insured had a right  to rely as giving him a just and reasonable ground to infer that the forfeiture would not be asserted. *Thompson* v. *Knickerbocker Life Ins. Co.*, 104 U. S. 252, 26 L. Ed. 765.

It is further contended that since the policy, by section 1, provides insurance against total loss of time, and by section 2, against partial disability resulting from accidental means, it is the loss of time and not the accident that must occur during the life of the policy; and consequently when the company retained the premium for June after it learned that the plaintiff was suffering total loss of time from an accident, and when later it accepted the premiums for July, August, September, and October, if it be true, as the company claims, that the effect of receiving such premiums was the same as though it had issued a new policy on June 8, the company became liable to pay for the total loss of time resulting from the accident from which it knew the plaintiff was then suffering, and would continue to suffer, and can claim non-liability for only the days intervening between the accident and the reinstatement; that there is nothing in the policy indicating that the accident must occur within the life of the policy.  Section 1 provides for a payment of twenty-five dollars to the insured "for a period not exceeding twelve consecutive months, against total loss of time, resulting directly or independently of all the causes, *from bodily injuries affected through external, violent, and accidental means,* and which wholly and continuously, from date of accident, disable and prevent the insured from performing every duty pertaining to any business or accupation."  By section 2, "or, if such injuries shall wholly and continuously, from date of accident, disable and prevent the insured from performing one or more daily duties pertaining to his occupation, or in the event of like disability, immediately following total loss of time, the company will pay the insured for the period for such partial disability, not exceeding six consecutive months,  * * *; provided the maximum period for which indemnity shall be paid under paragraphs 1 and 2, for any injury, shall not exceed twelve consecutive months."

If any doubt exists regarding the intended construction of these two sections, in the respect named, viewed apart from

the context, such doubt vanishes when we consider their provisions, as we must, in the light of and in connection with, the other provisions of the contract. In the application the plaintiff stated and warranted it to be true that he had not been disabled by accident or illness during the then past five years; and the warranties and agreements in the application formed a part of the consideration of the contract. This statement and warranty must be not only ignored in the interpretation of sections 1 and 2 of the policy contended for by the plaintiff, but they are rendered contradictory to those sections; for how can it be said that it is the loss of time and not the accident that must occur during the life of the policy, when the plaintiff's warranty that he had not been disabled by accident or illness during the preceding five years entered into the basis of the policy. In the language of the Federal Supreme Court: "By every sound rule of construction, an instrument should be interpreted by the context, so as if possible to give a sensible meaning and effect to all its provisions; and so as to avoid rendering portions of it contradictory and inoperative, by giving effect to some clauses to the exclusion of others." *Ladd* v. *Ladd*, 8 How. 10, 12 L. Ed. 967. And in *Hydeville Co.* v. *Eagle Railroad & Slate Co.*, 44 Vt. 395, it is said to be the duty of the court, if possible, to construe an agreement so as to give effect to every part, and form from the parts a harmonious whole.

Applying these principles of construction it is certain that by a fair interpretation of the policy the bodily injuries insured against under sections 1 and 2 must have resulted from an accident which occurred within the life of the policy. It is equally certain that the meaning of the policy in this respect was not different after the reinstatement. Consequent on the non-payment of the premium June 1st, when due, the policy lapsed and was thenceforth without force as a protection to the plaintiff or as an obligation against the company. As to the plaintiff the contract ceased to exist. Under it he had no legal or equitable rights against the company, and could not have in the future unless the latter, in the exercise of its optional right, should accept the past due premiums, thereby breathing new life into the contract. This the company did on June 8, but by the express provisions of the policy it was not a waiver

of the forfeiture —it was as if a new application had been made and a new policy issued on the day following the acceptance. That is, in effect it became a new contract, giving new insurance, though under the former policy restored to full vigor as of the day last named. It follows that the plaintiff was not insured against the results of the accident which occurred during the lapse of the policy. *Lantz* v. *Vermont Life Ins. Co.,* 139 Pa. St. 546, 23 Am. St. Rep. 202, 10 L. R. A. 577, 21 Atl. 81; *Pacific Mut. Life Ins. Co.* v. *Galbraith,* 115 Tenn. 471, 91 S. W. 204, 112 Am. St. Rep. 862; *Teeter* v. *United Life Ins. Asso.,* 159 N. Y. 411, 54 N. E. 72.

*Judgment affirmed.*