HARRY E. HAWKINS v. H. C. WILSON.

May Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 7, 1920.

*Principal and Agent—Express Agent not Personally Liable on Agreement to Refund—Reargument not Granted to Raise New Question—Agent not Personally Bound When Extent of Authority Is Known—Shipper Conclusively Presumed to Know Lawful Rate.*

1.  Where defendant, an express agent, acting for and in behalf of the express company, induced the plaintiff, by his erroneous representations as to the rate, to ship a carload of ponies by express, and, on receiving a telegram from the plaintiff that the agent at place of delivery demanded additional payment, replied, "Pay it. Referred to superintendent here. He will arrange refund," there was no promise making defendant personally liable to the plaintiff for the additional payment.

2.  The rule that a party will not be granted a reargument for the purpose of raising and presenting a new question applies to one who is not the excepting party and is only called upon to answer the points urged by the one seeking a reversal.

3.  The rule that an agent binds himself if he fails to bind his principal does not apply where the extent and limitation of his authority is known to the other party.

4.  A shipper dealing with an express company's agent in contracting for shipment is conclusively presumed to know the lawful rate and the agent's want of authority either to contract for a different rate or to promise a rebate, which is in direct violation of law.

ACTION OF CONTRACT on the general counts. Pleas, the general issue, lack of consideration, and statute of frauds. Heard by the Montpelier City Court, Washington County, on January 26, 1920, *Erwin M. Harvey,* Judge. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*H. C. Shurtleff* for the defendant.

*Theriault & Hunt* for the plaintiff.

MILES, J. On February 27, 1915, the plaintiff was about to ship from Lyndonville to Blandensville, Illinois, by freight, a carload of ponies, and had loaded them into a live stock car, when the defendant, agent of the American Express Company, solicited the shipment by express. The rate by express was discussed, and the defendant offered to look it up, and did so, and named the rate as $285. Later in the day a contract in writing was entered into between the plaintiff and the defendant, acting in behalf of and for the express company. A blank contract over the signature of the American Express Company was filled out by the defendant, who signed under the signature of the express company as agent, and under his name the contract was signed by the plaintiff. The price fixed in the contract for the shipment was $285, the rate named by the defendant. The ponies were unloaded from the live stock car and loaded into the express company's car, and from there were shipped to the point of their destination, the plaintiff accompanying them, and when he arrived at the place of delivery, he unloaded the car, paid the contract price for the shipment, and advertised the ponies for sale. On the following day the express agent of the express company at Blandensville made a demand upon the plaintiff for the payment of the further sum of $71.26, being, with the sum already paid, the correct charge for the shipment, according to the schedule of rates filed with the Interstate Commerce Commission, and threatened to attach the ponies unless payment was made. Thereupon the plaintiff telegraphed the defendant: "Express agent here wants $71 on car of ponies. What will you do? Answer immediately." Defendant answered: "Pay it. Referred to superintendent here. He will arrange refund." The plaintiff then paid the extra charge.

If the plaintiff can recover at all, it must be upon a contract between himself and the defendant, for the action is in contract in the common counts. No question of fraud or negligence is involved. The sole question is: Do the findings of fact sustain the judgment below? The court has found that the defendant, in making the contract of shipment, "was acting for and in behalf of the American Express Company." This leaves

no room for the inference that there was any undertaking on the part of the defendant to personally bind himself to transport the ponies for the sum named in the written contract. The judgment, therefore, cannot be sustained, unless a contract can be inferred from the telegrams.

[1]    The most that can be claimed for the telegrams is that they contain a statement that the superintendent of the express company, "will arrange refund." Giving to this statement the most liberal construction possible, it does not amount to a promise that the defendant will pay the plaintiff the extra express which he is compelled to pay. The record, we think, clearly shows that everything done by the defendant, in connection with the shipment and the telegrams, was done for and in behalf of the express company, and that the plaintiff must have so understood it at the time. There is nothing in the case showing a personal undertaking on the part of the defendant, and it was error to render judgment in favor of the plaintiff.

*Judgment reversed, and judgment for the defendant to recover his costs.*

### ON MOTION FOR REARGUMENT.

The foregoing opinion being promulgated, the plaintiff moves to reargue the case, assigning as a reason why the motion should be granted "that a material mistake in law was made by this Court in deciding that it was error for the lower court to render judgment in said cause in favor of the plaintiff." The mistake assigned is that the Court "overlooked the rule of law (which should be presumed, in support thereof, to have induced the judgment below) that, if the defendant, acting as agent for the express company in making the contract of shipment or in promising a refund of the extra charge, did so without authority to make the particular contract or to make the particular promise, and this was unknown to the plaintiff, the defendant made himself personally responsible as a matter of law."

[2-4]    The situation presented by this motion calls for the application of the familiar rule that a party will not be granted a reargument for the purpose of raising and presenting a new question. *Spaulding* v. *Mutual Life Ins. Co.*, 94 Vt. 42, 54, 109 Atl. 22, 27, and cases there cited. Nor is this result affected by

the fact that the motion is made by one who is not the excepting party and only called upon in this Court to answer the points urged by the one seeking a reversal. A similar situation was presented in *Spaulding* v. *Mutual Life Ins. Co.,, supra.* The defendant, the excepting party, relied upon the defence of fraud conclusively established, and secured a reversal. Thereupon the plaintiff moved for a reargument on the ground that the Court had overlooked the fact that the presumption of innocence made the question one of fact for the jury; but it was held that the case was within the rule. In the case in hand the defendant in his brief referred to the rule which the plaintiff now seeks to invoke, and thereby gave the plaintiff opportunity to make such claims thereunder as he desired. A rehearing will not be granted to renew this opportunity which he has once failed to take advantage of. But the plaintiff loses nothing by the application of this rule, for his position could not be maintained on reargument. As held in *Snow* v. *Hix,* 54 Vt. 478, the rule that an agent binds himself if he fails to bind his principal, does not prevail where, among other things, the extent and limitation of his authority is known to the other party. The plaintiff cannot be heard to say that he was ignorant of the inability of the express company to make a contract of shipment at variance with the lawful rate, or to promise to refund any part of such lawful rate when charged; and for the same reason he cannot be heard to say that he was ignorant of the fact that the express company's agent was affected with the same inability. He is conclusively presumed to know the lawful rate, and so defendant's want of authority either to contract for a different rate (*L. & N. R. R. Co.* v. *Maxwell,* 237 U. S. 94, 59 L. ed. 853, 35 Sup. Ct. 494, L. R. A. 1915 E, 665), or to promise a rebate of the extra charge which is in direct violation of law. Com. Stat. U. S. § 8597; *N. Y. C. & H. R. R. Co.* v. *United States,* 212 U. S. 481, 53 L. ed. 613, 29 Sup. Ct. 304.

*The motion is without merit, and the same is overruled.*