### Ruel A. E. Austin

*vs.*

### Prudential Health & Accident Insurance Company.

Somerset.    Opinion January 24, 1925.

*The restrictive and technical rule of pleading provided under R. S., Chap. 87, Sec. 38, requires that in an action on an insurance policy if the defendant relies upon the breach by the plaintiff of any conditions of the policy as a defense, it must be specifically pleaded, or set up under a brief statement, at the election of the defendant; and all conditions, the breach of which is known to the defendant, and not so specifically pleaded, shall be deemed to have been complied with by the plaintiff.*

This rule of pleading is too plain for interpretation and too positive to admit of the exercise of discretion.   It was undoubtedly meant to be both restrictive and technical.

In some cases which come up on report it is unnecessary to consider technical questions of procedure and pleading but the question here presented is something more than a technical question, it is a positive command of the law power.

On report.   An action of assumpsit to recover on an accident insurance policy.   The defendant pleaded the general issue setting up as a defense that the policy was not in force at the time of the accident.   The defendant did not comply with the provisions of R. S., Chap. 87, Sec. 38, that the breach of any condition in the policy by the plaintiff upon which the defendant relies must be specifically pleaded, or set up under a brief statement, otherwise the breach of all conditions known to the defendant shall be deemed to have been complied with by the plaintiff.   Upon an agreed statement the cause was reported to the Law Court for the rendition of such judgment as the law and evidence required.   Judgment for the plaintiff for $61.25 and interest from the date of the writ.

The case appears in the opinion.

*Harry R. Coolidge,* for plaintiff.

*Butler & Butler,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, STURGIS, BARNES, JJ.

PHILBROOK, J.   The plaintiff seeks to recover a sum of money which he claims to be due him by virtue of a contract of insurance. The case comes to us on report based upon an agreed statement and a stipulation that all the exhibits, the writ, declaration and pleadings are made part of the case.   The report to the Law Court is for the rendition of such judgment as the law and the evidence shall require.

In the application for the policy, expressly made a part of the contract between the parties, the plaintiff agreed to pay "the monthly premium of one and 50-100 dollars in advance without notice." Neither the application for the policy, nor the policy itself, designates any day in the month when the time for the advance payment has arrived.   A premium receipt book, however, offered as an exhibit by the plaintiff, and issued to him by the company, states that the first premium must be made on or before March 1, 1921, and on or before the first day of each month thereafter.   Later a second premium receipt book, issued to the plaintiff by the company, offered by the plaintiff as an exhibit, states that the first premium must be paid on or before May 1, 1922, and on or before the first day of each month thereafter.   Examination of these books and also of receipts aside from the books, shows that the plaintiff paid and the company acknowledged payment of monthly premiums on several dates later than the first day of the calendar month.   On June 25, 1922, the plaintiff sustained an accidental injury for which he claimed a compensation from the company under the terms of his policy.   His June premium was not paid until June 24, 1922, when he mailed his check to the company and it acknowledged payment under date of June 27, 1922, the receipt stating that the payment was for the month of June.   On July 4, 1922, the plaintiff sent by mail written notice to the defendant of his injury and claim for compensation under said policy.   Reply thereto was made by the defendant as shown by his letter of July 5, 1922, as follows:

"We are in receipt of your preliminary notice of disability and in reply would say that you were injured on the 25th of June and your June dues were not received until June 27th.   Consequently at the time of accident your policy was not in force."

One clause in the policy provides that "if the payment of any renewal premium shall be made after the expiration of the policy or the last renewal receipt, neither the assured nor the beneficiary will be entitled to recovery for any accidental injury happening between the time of expiration and time of the renewal of this policy." Upon this clause in the policy the defendant now bases its defense.

Such defense demands examination of the law of this State applicable to this action. This is an action of assumpsit brought by special authority of R. S., Chap. 87, Sec. 38, which applies to "All actions at law on insurance policies." The same section permitting this form of action also prescribes the form and limits the scope of the defendant's pleadings, as follows: "If the defendant relies upon the breach of any conditions of the policy by the plaintiff, as a defense, it shall set the same up by brief statement or special plea, at its election; and, all conditions the breach of which is known to the defendant and not so specifically pleaded shall be deemed to have been complied with by the plaintiff." The plaintiff observed the demand of the statute by stating in his declaration that "he has complied with all the conditions of said policy of insurance." The breach claimed by the defendant was surely known to it as shown by its letter of July 5, 1922, but it has not "so specifically pleaded," and by the terms of the statute the conditions of the policy must be "deemed to have been complied with by the plaintiff." The defendant pleaded the general issue, non assumpsit, and nothing more. In commenting upon this statute in *Russell* v. *Fire Insurance Co.*, 121 Maine, 248, in an opinion of this court handed down only nine short months before the date of the writ in the case at bar, Mr. Justice SPEAR says, "This rule of pleading is too plain for interpretation and too positive to admit of the exercise of discretion. It was undoubtedly meant to be both restrictive and technical." And again "Whether by brief statement or special plea, the legislature limits and restricts the defendant to what it has traversed in its plea to what it has 'so specifically pleaded.' It enacted this statute for this specific form of action and no other; and the brief statement cannot therefore be extended by construction, but must be confined to what is so specifically pleaded."

It may be urged that when a case comes up on report it is unnecessary to consider technical questions of procedure and pleading, *Robbins* v. *Railway Co.*, 100 Maine, 496, but the question here pre-

sented is something more than a technical question, it is a positive command of the law-making power "too positive to admit of the exercise of discretion." *Russell* v. *Fire Insurance Co.*, supra.

The defendant having failed to properly plead the defense upon which it relies, under the stipulations and order of court the mandate will be

> *Judgment for plaintiff for $61.25 and interest from the date of the writ.*