Gentile et al., Appellant, *v.* American State Bank & Trust Co. et al.

124

Argued March 23, 1934.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*C. Elmer Bown,* with him *John E. Evans,* for appellant.

*E. W. Arthur,* with him *J. M. Magee,* for appellee.

Opinion by Mr. Justice Drew, April 30, 1934:
Plaintiff brought this action of assumpsit against the American State Bank & Trust Company, to recover a

sum of which he was defrauded by an employee of the bank, one Angelini. Subsequently, the secretary of banking, who, after the institution of the suit, had taken possession of the bank, caused the American Surety Company of New York, the surety on Angelini's fidelity bond, to be joined as additional defendant by a writ of scire facias issued under the Act of April 10, 1929, P. L. 479. At the trial, the jury returned a verdict for plaintiff against the bank, and for the bank against the surety. After argument, however, the court below entered judgment n. o. v. in favor of the surety. Thereafter, the secretary of banking assigned the verdict of the bank against the additional defendant and all claims of the bank arising thereunder to the plaintiff, who then took this appeal from the entry of judgment n. o. v. in favor of the additional defendant, both in his own right as plaintiff and as assignee of the original defendant. No question is now raised as to the plaintiff's right to recover against the bank; the only issue is as to whether the surety may be visited with liability for the loss caused by Angelini's fraud.

Appellee's only contention, and the ground upon which the court below based its decision, is that the conditions of the bond with regard to notification, filing of claim, and institution of suit were not complied with.*

---

* These conditions, as set forth in the bond, are as follows:

"PROVIDED, HOWEVER:

"1. That loss be discovered during the continuance of this suretyship or within the fifteen months immediately following the termination thereof, and that notice of such loss be delivered to the Surety at its home office in the City of New York within ten days after such discovery.

"2. That claim, if any, be submitted by the Employer in writing, showing the items and the dates of the losses, and be delivered to the Surety at its home office within three months after such discovery, and that the Surety shall have two months after claim has been presented in which to verify and to make payment. In the meantime no suit, action or proceeding shall be brought against the Surety by the Employer, nor after the expiration of twelve months after the delivery of such statement of claim."

Plaintiff argues, on the other hand, that these conditions were strictly met. A statement of the facts of this case will, we think, make it apparent that this position cannot be maintained.

The fraud which gave rise to this action occurred in September, 1930, when Angelini, by means of misrepresentations, induced the plaintiff to give him a check for the amount of his deposit in the bank. Shortly thereafter the plaintiff discovered that he had been defrauded, and the fact that he was publicly claiming to have been "robbed in the Italian Department" of the bank soon came to the ears of the president of the institution, who began an investigation to discover the cause of the accusation. The bank was not informed as to just what had occurred, however, until the following November, when the plaintiff and his attorney had an interview with the officers of the bank and demanded that the bank make good the plaintiff's loss. This demand the president of the bank refused, "because the matter was simply a personal transaction between Mr. Gentile and Angelini." Evidently because the bank officials took this view of the matter, no notice was at that time given to appellee, Angelini's surety. Attempts were made to obtain repayment from Angelini, but efforts in that direction failed, and on February 2, 1931, the plaintiff, by his attorney, made a written demand upon the bank that it repay the money of which Angelini had defrauded him. The bank refused to pay the claim, on the ground that it was Angelini's private indebtedness, but immediately discharged him, and on February 10, 1931, gave appellee, as surety on his fidelity bond, written notice of plaintiff's claim. On February 14, 1931, plaintiff instituted suit against the bank, and on February 18th, the latter sent to appellee a copy of the statement of claim. No further steps were taken in the action until November, 1932, when the secretary of banking, who in September, 1931, had taken possession of the bank, caused the appellee to be joined as additional defendant by a writ of

scire facias, alleging it to be liable over to the original defendant for the whole of any amount which the plaintiff might recover against it. The case was tried, with the results above stated, in June, 1933. Meanwhile, the plaintiff, in February, 1932, shot and killed Angelini, for which crime he is now serving sentence.

The above facts so clearly show that the original defendant did not give notice to the surety within ten days after discovering the loss caused by Angelini's fraud—as required by the first condition of the bond—that there is no room for plaintiff's argument to the contrary. The parties are agreed that discovery of the loss by the bank occurred when demand was first made upon it to pay plaintiff the amount which he had lost through Angelini's fraud, but plaintiff contends that this did not occur until February 2, 1931, when his attorney served a written demand upon the bank. This argument completely ignores the events of the preceding November, when, in an interview with plaintiff and his attorney, the bank's president learned all about the transaction and refused their demand that the bank reimburse the plaintiff. From that time on, the bank knew of the fraud which Angelini had practiced on the plaintiff; it knew that the plaintiff was holding it responsible for that fraud, and the written demand of February 2, 1931, added nothing to the information it already possessed. Even if it be true that in November the parties viewed the matter as primarily a private one between the plaintiff and Angelini, that does not alter the fact that the plaintiff was demanding repayment from the bank as well as from Angelini. A claim was then positively and directly made against the bank because of Angelini's dishonesty, and common prudence should have told the bank president to notify the surety upon his bond of that demand. Regardless of whether he considered the transaction as a purely private one or not, he must have known that there was a possibility that the bank might be held liable. So far as the bank was concerned, the loss, in the sense of a

claim out of which a legal liability might arise, was discovered at that time, and the failure of the bank to give notice within the time requirement to the surety necessarily releases the latter from liability on its bond. "In surety or other contracts where the parties prescribe fixed times for notice of loss or default and also provide that if notice is not given within the prescribed time the contract shall be void, or there shall be no right of action on it, the terms of the contract require the courts to enforce the forfeiture": Shaw v. New Amsterdam Cas. Co., 310 Pa. 213. See also Coventry Mut. Live Stock Ins. Assn. v. Evans, 102 Pa. 281; Windsor Mfg. Co. v. Globe & Rutgers Fire Ins. Co., 277 Pa. 374; Guarantee Co. of North America v. Mechanics' Sav. Bank & Trust Co., 183 U. S. 402; National City Bank v. National Surety Co., 58 F. (2d) 7. It is impossible to say the surety was not prejudiced and did not suffer a loss by reason of the failure of the bank to give notice within the time fixed by the bond. The very purpose of the requirement was to give the surety as much opportunity as possible to collect from Angelini, and a delay of months in giving the required notice may have been and probably was very injurious to the best interests of the surety. It was in direct violation of one of the most material parts of the contract, and cannot be explained away. Since on this ground alone the surety is released from liability upon the bond, the judgment entered in its favor below is clearly right and must be affirmed. It is, therefore, unnecessary to discuss the other questions argued by counsel.

Judgment affirmed.