JOSEPH P. CONNELLAN

*vs.*

FEDERAL LIFE & CASUALTY COMPANY.

Cumberland.       Opinion, December 10, 1935.

*Bernstein & Bernstein,*
*Wilfred A. Hay,* for plaintiff.
*Frank P. Preti,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.   This is an action of assumpsit upon an industrial accident and health monthly-payment insurance policy, issued to the plaintiff by the defendant company.

Accidental injury having been sustained by the plaintiff, indemnity was claimed for the disability caused. The case was heard by the presiding Justice at *nisi prius*, without a jury, and is before the Court upon exceptions to his ruling that, under the pleadings,

evidence was inadmissible tending to show that the policy had lapsed before the accident because of non-payment of premium. The point in issue relates only to the sufficiency of the pleadings.

The plaintiff brought his action under authority of R. S., Chap. 96, Sec. 40, upon an account annexed, with the allegation that he had complied with the conditions of the policy.

The same section prescribes the form and limits the scope of the defendant's pleadings, as follows:

> "If the defendant relies upon the breach of any condition of the policy by the plaintiff, as a defense, it shall set the same up by brief statement or special plea, at its election, and all conditions the breach of which is known to the defendant and not so specially pleaded shall be deemed to have been complied with by the plaintiff."

The defendant pleaded the general issue with the following brief statement: "At the time of the alleged injury to said plaintiff there was no existing insurance contract in force."

The policy was issued February 13, 1933, and required a payment of $2.50 on or before the first day of each succeeding month. The plaintiff sustained injury on August 18, 1933, and the evidence offered by the defendant was to the effect that the payment due August 1st was not made before the happening of the accident. It was by reason of this default in payment that the defendant claimed the insurance contract was not in force.

The position of the defendant is that the pleading was sufficient and evidence offered thereunder admissible, because the contract was a self-limiting or self-executing one; that it expired on the first day of each month unless payment for another month was made in advance; that such payment was optional with the assured, did not constitute a debt from him to the defendant, and if made and accepted created a new contract.

The contention turns upon the determination of the question, was non-payment of premium when due a breach of any condition of the policy by the plaintiff? If so, it must be set up specifically.

The particular contract in suit thus calls for construction with reference to this issue. Like any other contract it is to be construed in accordance with the intention of the parties, which is to

be ascertained from an examination of the whole instrument. All parts and clauses must be construed together. *Swift* v. *Insurance Co.*, 125 Me., 255, 132 A., 745.

The policy was issued on the thirteenth of the month. According to the contention of the defendant it expired on the first day of March, and it then depended upon the volition of both parties as to whether a new contract should be entered into.

The policy, however, insures the plaintiff from the date of issuance "until 12 o'clock midnight of the last day of February, 1933, and *for such time thereafter as the premiums paid by the insured as herein agreed will maintain this policy in force.*"

The policy purports to provide indemnity for both accident and illness. The illness indemnity, however, is not effective except for disability "which is contracted and begins *during the life of this policy* and after it has been maintained in continuous force for thirty days from its date."

Again, it is provided, "This policy *will continue in force*, subject to its provisions, as long as the premiums shall be paid as agreed herein, unless it is sooner terminated in accordance with its terms."

These provisions make it clear that the intention of the parties was to enter into a continuing contract subject to the condition that the assured pay the monthly premiums. The breach of this condition was not pleaded. The brief statement setting up that there was no existing insurance contract in force, was not a compliance with the statute requirement. It added nothing to the general issue to inform the plaintiff as to the ground of defense.

It remains to note the defendant's further claim that the plaintiff has not sustained the common law burden of proof which is still required under the statute; that as the contract was necessarily founded upon a consideration, the plaintiff must show affirmatively that the consideration has been paid.

The answer to this contention is that the policy had been delivered and was in force unless the plaintiff had failed to comply with the condition as to monthly payments. The statute makes it the duty of the defendant to plead the breach of this condition. If not so pleaded, the statute says in exact words, it "shall be deemed to have been complied with by the plaintiff." The common law burden

of proof is only as to "such matters as are *so* put in issue under the pleadings."

Many cases from other states are cited in defendant's brief. In none was the question of pleading involved. Their bearing is only upon the interpretation of the Court as to whether an existing contract had expired and a new one entered into. This required an examination of the terms of the particular contract.

For illustration, in *Crosby* v. *Vermont Ins. Co.*, 84 Vt., 510, 80 A., 817, the clause considered read: "The acceptance of any past-due premium is optional with the company, and shall not in any case be a waiver of the forfeiture of this contract, but shall be construed to have the same effect as if a new application had been made and a new policy issued on the day following such acceptance."

Such language is distinctly different from the contract in suit. It is undertaking to provide for a new contract after a default. It recognized, however, that payment was a condition the breach of which created a forfeiture.

Again, in *Coombs* v. *Charter Oak Life Ins. Co.*, 65 Me., 382, a life insurance policy was issued upon the express condition that, in case the premiums should not be paid on or before the several days mentioned for the payment thereof, the policy should "cease and determine." The plaintiff endeavored to avoid the forfeiture by evidence of a waiver. Here again was a condition which, if unfulfilled, constituted a forfeiture. The sense in which the word "forfeiture" is used by the Court in the foregoing case and in the policy in the Vermont case is made clear by the definition given in *Webster* v. *Insurance Co.*, 53 Ohio St., 79, 42 N. E., 546-7: "Forfeiture is deprivation or destruction of a right in consequence of the non-performance of some obligation or condition." This is what the express command of our statute required to be pleaded.

There is nothing in this case which takes it out of the purview of the decisions in *Russell* v. *Insurance Co.*, 121 Me., 248, 116 A., 554, and *Austin* v. *Insurance Co.*, 124 Me., 232, 127 A., 276.

*Exceptions overruled.*