HARVEY HERSEY v. NORTHERN ASSURANCE Co.

May Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 31, 1903.

*Insurance Policy—Declaration on—General count—Sufficiency —Burden of proof—Legislative power—Inconsistency in pleading—Demurrer.*

At common law, a general count in assumpsit which discloses an express promise as the indispensable basis of recovery, is demurrable.

Under No. 121, Acts of 1896, a count on a fire insurance policy, which alleges that the defendant, being indebted to the plaintiff in a sum named, by reason of having become an insurer of his property against loss by fire and the subsequent loss of the property by fire without the plaintiff's fault, promised to pay such sum, is sufficient.

This act only provides a simpler mode of declaring, and does not affect the substantive rights of the parties, or change the rule as to the burden of proof.

This act, thus construed, is not unconstitutional.

It is not necessary that the declaration should show that the specification required by the act has been filed.

An objection that a count is bad for inconsistency in matters of substance is well taken by general demurrer.

ASSUMPSIT on a fire insurance policy.    Heard on demurrer to the declaration, at the March Term, 1903, Washington County, *Stafford, J.,* presiding.    Demurrer overruled *pro forma.*    The defendant excepted.

*John W. Gordon* and *F. A. Howland* for the defendant.

The first count does not show a consideration.    *Gray* v. *Osborne,* 24 Tex. 157; *Harding* v. *Cragie,* 8 Vt. 501; Perry Com. L. Pl., 88, 89; *Cowan* v. *Insurance Co.,* 78 Cal. 181.

The second count is equally defective in this particular. *Marshall* v. *Aiken*, 25 Vt. 328; *Bank* v. *Adams*, 43 Vt. 195.

The third count is not good as a general count, for it states that there was a special contract, which must be counted upon. It does not set out the special contract with sufficient particularity to be good as a special count. *Dickerman* v. *Insurance Co.*, 67 Vt. 99; *Insurance Co.* v. *Burris*, 23 Ind. App. 507; *Insurance Co.* v. *Everett*, 26 S. W. 125; *Howard* v. *Insurance Co.*, 3 Denio 301; *Bevin* v. *Insurance Co.*, 23 Conn. 244.

For the same reason, and for the reason that it states a contingent promise, the fourth count is bad. *Myers* v. *Phillips*, 72 Ill. 460.

The fifth count fails to allege that the plaintiff had an insurable interest in the property. *Dickerman* v. *Insurance Co.*, 67 Vt. 99, and authorities above cited.

The sixth count is bad for the reasons above specified.

Under No. 121, Acts of 1896, a declaration should show that the required specification has been filed.

The act is unconstitutional. *Dupy* v. *Wickwire*, 1 D. Chip. 237; *Burts* v. *Kimball*, 2 D. Chip. 77; *Staniford* v. *Barry*, 1 Aik. 314.

It denies certain citizens an equal protection of the laws. 16 Ency. Law (2 Ed.) 878; *Hoadley* v. *Purifoy*, 107 Ala. 276; *Barnes* v. *People*, 168 Ill. 425; *Life Asso.* v. *Mettler*, 185 U. S. 308.

*Richard A. Hoar, F. P. Carleton* and *F. L. Laird* for the plaintiff.

The counts are sufficient as general counts in assumpsit under No. 121, Acts of 1896. *Wertheim* v. *Fidelity & Casuality Co.*, 72 Vt. 326.

The Legislature had power to pass this act. *State* v. *Camley,* 67 Vt. 322.

STAFFORD, J.   The plaintiff is seeking to recover upon a fire insurance policy; and the case stands upon a demurrer to each of the six counts of his declaration.   The first and second are intended as general counts in assumpsit; neither is claimed to be good as a special count.   We think it clear that at common law neither would be good as a general count, because it discloses an express promise as the indispensable basis of recovery.   The allegations of fact, aside from the promise, are not such that the law raises therefrom an implied promise. Although the existence of an express promise in a special contract does not prevent a recovery upon a promise implied by law, when the contract has been fully performed on the part of the plaintiff, and nothing remains to be done on the part of the defendant except to pay money, it is always necessary that what has been done on the part of the plaintiff should be sufficient of itself to raise an implied promise.   In the present case the facts aside from the promise, viz: the plaintiff's ownership of the property, its destruction by fire without his fault,—even the payment of premiums,—do not raise an implied promise by the defendant to pay; it is only the fact that it promised, upon certain conditions, to pay, that makes it liable.   Consequently, at common law, the promise, the conditions, and the fulfilment of the conditions, must be set forth— in other words the count must be special.   See the notes to *Cutter* v. *Powell,* 2 Smith's Lead. Cas. 8, and the admirable account of the action of assumpsit in Perry's Common-Law Pleading, 82-89.

It is claimed, however, that these two counts are good by virtue of No. 121 of the Acts of 1896, which declares that in

actions upon fire, life, and accident insurance policies the general counts in assumpsit shall be a sufficient declaration, and requires the plaintiff to file with the writ a specification of the number of the policy, the date of the fire, death or accident, and the items of the policy involved in the claim, and provides that the plea of *non assumpsit* shall put in issue only the execution of the policy, and the amount of damages sustained thereunder.

In *Wertheim* v. *Fidelity and Casualty Co.,* 72 Vt. 326, 47 Atl. 1071, it was held that under this act the usual omnibus counts were not sufficient, and the statute was construed as requiring a general count aptly framed for the recovery of money due upon a policy of insurance. The two counts we are now considering appear to fulfill this requirement. Each alleges, in substance, that the defendant, being indebted to the plaintiff in the sum of two thousand dollars by reason of its having become an insurer of his property against loss by fire and the subsequent loss thereof by fire without his fault, promised to pay said sum on demand, yet, though requested, neglects and refuses so to do. To say that the count must go further and set forth the terms and conditions of the contract whereby the defendant became insurer, would be to say that the count must be special.

It is objected that in this act the Legislature has exceeded its authority.

In the first place, it is said that by limiting the scope of the plea of *non assumpsit* it has required the defendant to allege, and consequently, it is assumed, to prove, matters as to which the burden must always rightfully remain upon the plaintiff,—such as the performance of conditions precedent, the plaintiff's interest at the time of the fire, etc. But does it follow that, because the defendant must specially put in issue

such matters, the burden of proof is therefore shifted? We
do not construe the act as changing at all the substantive rights
of the parties, but only as providing for a simpler mode of
declaring. The Legislature, taking notice of the well known
fact that insurers keep a record of their policies, provided for
a specification by number alone, which would serve to notify
the defendant of the contract under which he was sued, and
for a general declaration, which, with the specification, would
inform the defendant that the plaintiff claimed to have fulfilled
the provisions of the contract on his part, and that a loss had
occurred under the specified items on such a day. If there
was no such contract, the plaintiff would fail when met by the
general issue. If the defendant desired to put in issue any
other matters, he was to point them out by his pleadings. It
would still be for the plaintiff to prove any matter so pointed
out which he would have been required to prove under a spe-
cial declaration. The act, when thus construed, is like County
Court Rule No. 13, which requires the defendant in an action
upon a written instrument purporting to be signed by him, to
file a notice with the general issue if he disputes its execution,
and an additional notice if he denies the handwriting; yet the
burden remains upon the plaintiff.

It is further claimed that the act is unconstitutional as
denying to certain citizens the equal protection of the laws; but,
as we hold that the act does not alter the substantive rights of
the parties, we need not pause at this objection, for it can
hardly be urged that a defendant is entitled to have a particu-
lar method of pleading kept in force in relation to one class of
contracts merely because it is left in force in other classes of a
similar character.

It is also objected that the counts are insufficient in fail-
ing to state that the specification required by the act has been

filed; but we think otherwise, for the specification itself is a part of the record, and in the eye of the Court. ]

We hold, therefore, that the first and second counts are sufficient.

The remaining four counts must be held bad for inconsistency, under the principle formulated by Stephen as the first of "Rules which tend to prevent obscurity and confusion in pleading," viz., that "Pleadings must not be insensible nor repugnant." Each of these counts is both. It first alleges that the defendant was already indebted to the plaintiff in such a sum upon the policy of insurance by reason of the loss having occurred, etc., and then alleges that in consideration thereof, and of certain other things, it undertook to pay that sum if the loss should occur, and that such loss has since occurred. The inconsistency is patent, and, being a matter of substance, is reached by the general demurrer. Gould on Pleading, chap. III, sec. 173; *Wright* v. *Card,* 19 Atl. (R. I.) 709; see, also, *King* v. *Stevens,* 5 East, 254; *Greaves* v. *Neal,* 57 Fed. 816.

*The pro forma judgment is reversed, and the cause remanded with judgment that the first and second counts are sufficient, and the third, fourth, fifth and sixth counts insufficient.*