CHARLES C. MILLER *v.* LESTER WILBUR.

October Term, 1903.

Present:   ROWELL, C. J., MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed November 30, 1903.

*Common Counts—Special Promise.*

One who buys property subject to a chattel mortgage, assuming the
debt as a part of the purchase price, and afterwards expressly
promises the mortgagee to pay it, is not liable to an action of
general assumpsit by the mortgagee.

GENERAL ASSUMPSIT.   Plea, the general issue. Trial by
jury at the September Term, 1902, Windham County, *Tyler,*
J., presiding.   Judgment for the plaintiff on verdict ordered.
The defendant excepted.

*F. D. E. Stowe* for the defendant.

None of the common counts is adapted to the case. The
executed special agreement which is maintainable under the
common counts is confined to goods sold, work done or money
passed. *Way* v. *Wakefield,* 7 Vt. 228; *Royalton* v. *Turnpike
Co.,* 14 Vt. 321.

Defendant's promise was *collateral* to that of the maker
of the notes; so the count must be special.   7 Pet. 113; *Ar-
buckle* v. *Templeton,* 65 Vt. 205.

*Herbert G. Barber* for the plaintiff.

The common counts are sufficient where defendant has
received the plaintiff's money or its *equivalent.   Burnap* v.
*Partridge,* 3 Vt. 144; *Kinney* v. *Pearsons,* 41 Vt. 386.

The contract is completely executed, and so the common counts will lie. *Royalton* v. *Turnpike 'Co.*, 14 Vt. 311; Groot v. *Story*, 41 Vt. 533; *Bradley* v. *Phillips*, 52 Vt. 517.

STAFFORD, J.. Miller, the plaintiff, sold certain goods to . Luther Wilbur, taking a mortgage back to secure a part of the price. Luther Wilbur in turn sold the goods to Lester Wilbur, the defendant, subject to the mortgage, and Lester assumed the mortgage debt as a part of the price, and also promised the plaintiff directly that he would pay. In consideration of which the plaintiff, who might lawfully have taken possession, there being no stipulation to the contrary in the mortgage, forebore to do so for a time; but afterwards, the defendant failing to keep his promise, foreclosed, applied the proceeds, and brought this action for the balance. The declaration is the common counts in assumpsit accompanied by a specification of the amount of the mortgage notes less the proceeds of the foreclosure sale. The plea is the general issue. The defendant excepted to all evidence of the foregoing facts upon the ground that it was not admissible under the pleadings, and that is the question here.

The only one of the common counts which could possibly be appropriate is that which declares upon a promise in consideration of goods sold and delivered by the plaintiff to the defendant, and we think it would be a stretch of language and of reason to say that the plaintiff's forbearance to take the goods into his possession constituted a sale and delivery. The plaintiff did sell and deliver to the original mortgagor, and he in turn sold and delivered to the defendant. There was never a novation; the original purchaser was not released by the plaintiff; and the only consideration moving from the plaintiff to the defendant was the temporary forbearance.

We think, therefore, that the exception must be sustained.

It was suggested that the case falls within the principle that when a special contract has been fully executed by the plaintiff leaving nothing to be done except for the defendant to pay money, general assumpsit may be maintained. But that is true only in cases where the service performed under the special contract would raise an implied promise if there were no special promise,—not in cases like the present, where there would be no contract liability whatever, except for the special promise. *Hersey* v. *Assurance Co.,* 75 Vt. 441.

*Judgment reversed and cause remanded.*