ERNEST KNABE, PLAINTIFF, v. INDEPENDENCE INDEMNITY COMPANY, DEFENDANT.

Submitted May 11, 1928—Decided January 15, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Coult & Satz.*

*Contra, David T. Wilentz.*

PER CURIAM.

This case is before us on a defendant's rule to show cause. The only argument advanced in behalf of the defendant to set aside the verdict is that it is contrary to the weight of the evidence. On October 22d, 1925, the plaintiff, Ernest Knabe, was injured by an automobile truck. Knabe instituted an action against Andrew J. Gadek, alleged to be the owner of the truck which injured him. Knabe recovered a judgment of

$7,500. Execution thereon was issued against Gadek and returned unsatisfied. Gadek was insured by the defendant, Independence Indemnity Company. This company refused to pay the judgment. The plaintiff then instituted a suit against it under the provisions of chapter 153 of the laws of 1924.

The defendant set up two defenses. The first was that the truck was not covered by the policy of insurance. The second was that if the truck was covered by the policy of insurance, Gadek had failed to notify the defendant of its liability within the time limited in the policy. The case was submitted to the jury which found a verdict for the plaintiff in the sum of $8,014.73.

As to the second defense, Andrew J. Gadek was out of the state when the accident occurred and did not know of it. The trial judge seemed under the impression that this defense was abandoned and paid little attention to it during the trial or in his charge. The defendant says now it was not abandoned. The statute (*Pamph. L.* 1924, *p.* 352) provides that failure to give any notice required to be given by such policy within the time specified therein shall not invalidate any claim made by the insured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible. There was evidence that notice was given by Andrew J. Gadek as soon as was reasonably possible. Under this evidence, bearing in mind this provision of the law, we see no reason for setting aside the verdict on this ground.

As to the first defense it appeared that at the time of the accident the truck which figured in the accident had license plates upon it and a license card which belonged to Joseph Gadek, a brother of Andrew J. Gadek. The two brothers each owned a truck of the same make and style. The two trucks were kept in the same garage. Joseph had no insurance upon his truck. The driver at the time of the accident was John Gadek, a relative. He testified he was driving Andrew's truck and that he never worked for Joseph. At the time of trial a truck admitted to be Andrew's truck was taken to the court house. Joseph swore this was the truck which figured in the accident. It was not viewed by the jury. Counsel for

the defendant relies on two photographs of the truck which he claims show no damage. The evidence is that the truck was turned over on its right side in making a sudden turn to the left. The photographs, however, do show some damage. *D 1* shows a splintered right edge of rear right door. *D 2* shows missing right front hub cap, mudguard from front to rear battered on outer edge, running-board badly sprung upward in the middle, panel over rear wheel cracked, and top moulding damaged above the windows. These injuries would be likely to happen to a car which had toppled over on its side when going at a moderate speed. It was, of course, a suspicious circumstance that the car of Andrew should have had upon it the license plates of Joseph's car. There was no evidence of damage to Joseph's car. All of these facts were submitted to the jury and the jury passed upon the question and held that the truck involved in the accident was the truck of Andrew J. Gadek and the one covered by the policy of insurance. We feel we cannot say that the jury's determination was not supported by the evidence.

This leads us to find that the verdict is not against the weight of the evidence. The rule to show cause is discharged.