ANNA M. MASTERSON *vs.* AMERICAN EMPLOYERS' INSURANCE COMPANY OF BOSTON.

ADAM J. KOHL *vs.* SAME.

MINNIE KOHL *vs.* SAME.

Plymouth.    December 4, 1934. — December 6, 1934.

Present: RUGG, C.J., CROSBY, FIELD, & DONAHUE, JJ.

*Insurance*, Motor vehicle liability. *Equity Pleading and Practice*, Findings by judge, Appeal.

While, upon an appeal from a final decree in a suit in equity where the entire evidence is reported, it is the duty of this court to examine the evidence and draw its own conclusion as to the facts, giving due weight

to the findings by the trial judge, if the evidence is oral his findings will not be reversed unless plainly wrong.

A policy of motor vehicle liability insurance, issued to the registered owner of an automobile in this Commonwealth, contained a "Part I," entitled "Statutory Coverage," respecting insurance furnished in accordance with the Massachusetts statutes concerning compulsory motor vehicle insurance; a "Part II," entitled "Extra Territorial Liability Coverage," covering extraterritorial liability for personal injuries and death; and a "Part III," entitled "Property Damage Liability." A subtitle under "Part I," entitled "Statutory Conditions," in a paragraph VI, provided ". . . no act or default of the Assured, either prior or subsequent to the issuance of this Policy, shall operate to defeat or avoid this Policy so as to bar recovery within the limit provided in this Policy by a judgment creditor proceeding under the provisions of Section 113 of Chapter 175 and Clause 10 of Section 3 of Chapter 214 of the General Laws." On the third page of the policy was a heading, "Parts I, II, III are Subject to the Following General Agreements and General Conditions," and thereunder was a subheading, "General Conditions," which included, in a paragraph entitled "Notice. B.," a requirement, "Upon the occurrence of death or personal injuries or any accident covered by this Policy, the Assured shall, as soon as practicable after learning thereof, give written notice with full particulars to the Corporation or its duly authorized Agent." In a suit in equity, brought under G. L. (Ter. Ed.) c. 175, §§ 112, 113; c. 214, § 3 (10), against the insurer by one who had recovered a judgment against the insured for personal injuries sustained in another State through negligent operation of his automobile, it was found, upon evidence warranting the findings, that the notice required by the paragraph, "Notice. B.," was not given, and the suit was dismissed. *Held*, that

(1) The provision as to notice was applicable to the extraterritorial coverage;

(2) The provision in paragraph VI under Part I was not applicable to the extraterritorial coverage, and did not relieve the insured of the requirement as to notice;

(3) The liability of the insurer to the plaintiff was dependent upon its liability to the insured;

(4) The suit properly was dismissed.

THREE BILLS IN EQUITY, filed in the Superior Court on January 7, 1933, and described in the opinion.

The insurance policy relied on by the plaintiffs contained a "Part I," entitled "Statutory Coverage," respecting insurance furnished in accordance with the Massachusetts statutes concerning compulsory motor vehicle liability insurance, a "Part II," entitled "Extra Territorial Liability Coverage," covering extraterritorial liability for personal injuries and death; and a "Part III," entitled "Property

Damage Liability." A subtitle under "Part I," entitled "Statutory Conditions," in a paragraph VI, provided ". . . no act or default of the Assured, either prior or subsequent to the issuance of this Policy, shall operate to defeat or avoid this Policy so as to bar recovery within the limit provided in this Policy by a judgment creditor proceeding under the provisions of Section 113 of Chapter 175 and Clause 10 of Section 3 of Chapter 214 of the General Laws." On the third page of the policy was a heading, "Parts I, II, III are Subject to the Following General Agreements and General Conditions," and thereunder was a subheading, "General Conditions," which included, in a paragraph entitled "Notice. B.," a requirement, "Upon the occurrence of death or personal injuries or any accident covered by this Policy, the Assured shall, as soon as practicable after learning thereof, give written notice with full particulars to the Corporation or its duly authorized Agent."

The suits were heard together by *O'Connell*, J. The entire evidence was reported. Material facts are stated in the opinion. Final decrees dismissed the bills. The plaintiffs appealed.

*J. R. Havey*, for the plaintiffs.

*K. C. Parker*, for the defendant.

RUGG, C.J. These are suits in equity brought under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to reach and apply, to the satisfaction of judgments obtained by the several plaintiffs against one James T. Masterson for damages for personal injuries sustained by each, through negligence in the operation of an automobile owned by him, amounts due under a motor vehicle liability insurance policy issued by the defendant. The trial judge found that the plaintiffs were injured in an accident while travelling in Virginia in an automobile owned by Masterson and operated by his sister. Masterson knew of the accident shortly after it occurred. Actions to recover compensation for damages sustained by the several plaintiffs in that accident were brought against Masterson in this Commonwealth, and when reached for trial defaults were entered and damages assessed. Masterson and the plaintiffs were

residents of Hull in this Commonwealth.   The automobile
of Masterson was insured under a policy issued by the de-
fendant which by Part I was in conformity to the com-
pulsory motor vehicle liability insurance law and by
Part II contained provisions for extraterritorial liability
coverage.   As insurer the defendant notified Masterson
that it would not defend the actions brought against him.
The reason for its refusal was that Masterson had failed to
comply with "Notice.  B." under "General Conditions"
in the policy.   That clause, so far as material, is as follows:
"Upon the occurrence of death or personal injuries or any
accident covered by this Policy, the Assured shall, as soon
as practicable after learning thereof, give written notice
with full particulars to the Corporation or its duly author-
ized Agent. . . ."   The trial judge found, notwithstanding
the testimony of Masterson to the contrary, that neither
the defendant insurance company nor any agent of it ever
received from him a notice of the accident and that no
notice in writing was given by mail or otherwise by Master-
son to the insurer or its agent.

The testimony upon which this finding is based is reported
in full.   In these circumstances upon an appeal it is the
duty of this court to examine the testimony and draw its
own conclusion as to the facts, giving due weight to the
findings of the judge.   Where the testimony is oral the
findings will not be reversed unless plainly wrong.   *Lindsey*
v. *Bird,* 193 Mass. 200.   *New England Wood Heel Co.* v.
*Nolan,* 268 Mass. 191.   *Rodrigues* v. *Rodrigues,* 286 Mass.
77.   The evidence in the case at bar has been examined
with care.   We are of opinion that the finding of the trial
judge that no notice in writing was given to the insurer
cannot be pronounced plainly wrong and was warranted.

The plaintiffs further contend that they are nevertheless
entitled to recover under Part I, Statutory Coverage,
Statutory Conditions, VI. — Statutory Provisions, (3), of
the policy in these words: ". . . no act or default of the
Assured, either prior or subsequent to the issuance of this
Policy, shall operate to defeat or avoid this Policy so as to
bar recovery within the limit provided in this Policy by a

judgment creditor proceeding under the provisions of Section 113 of Chapter 175 and Clause 10 of Section 3 of Chapter 214 of the General Laws." The arrangement of the policy clearly indicates that this clause applies only to the compulsory motor vehicle insurance required by the statutes of this Commonwealth. The policy is divided into three parts. Part I is entitled "Statutory Coverage"; it provides such compulsory insurance and relates to damages occurring on the ways of this Commonwealth. Part II is entitled "Extra Territorial Liability Coverage"; it provides insurance against damages occurring within the United States of America and Canada otherwise than upon the ways of this Commonwealth. It is plain that the plaintiffs can recover only under Part II for the reason that the accident occurred outside this Commonwealth and within the United States of America. Therefore "Notice. B." of the General Conditions applies to the extraterritorial insurance. Failure to give the required notice bars recovery. The case is governed in point of authority by *Sheldon* v. *Bennett*, 282 Mass. 240, 246. *Cogliano* v. *Ferguson*, 245 Mass. 364. *Wainer* v. *Weiner, ante,* 250.

In each case the entry may be

*Decree affirmed with costs.*