JOHN HOURAN, JR., ADMR. *v.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK ET AL.

October Term, 1937.

Present: SLACK, MOULTON, SHERBURNE and BUTTLES, JJ., and SHERMAN, Supr. J.

Opinion filed November 2, 1938.

260

262

*Jerome, Graves & Graves* for the plaintiff.

*Fenton, Wing & Morse* and *R. Clarke Smith* for the defendant.

MOULTON, J. On June 16, 1934, the plaintiff's intestate, Walter Woodard, was severely injured in a collision with an automobile owned and operated by Roland Miller. Miller was, at the time, covered by a liability insurance policy issued by the Preferred Accident Insurance Company of New York, the defendant herein. The policy provided that "This agreement is subject to the following conditions * * * I. Notice of accident. In the event of accident written notice shall be given by or on behalf of the Assured to the Company or any of its authorized agents as soon as is reasonably possible thereafter. Such notice should contain information respecting the time, place and circumstances of the accident, with the name and address of the injured and any available witnesses. If such information is not

reasonably obtainable, particulars sufficient to identify the Assured shall constitute notice. The Assured shall keep the Company advised respecting further developments in the nature of claims and suits when and as they come to his knowledge.''

On the day after the accident, Miller was arrested and placed in the Bennington county jail, and, within a day or so thereafter, he pleaded guilty to a charge of leaving the scene of an accident without giving his name and address, and was committed to the house of correction at Windsor. Although he had opportunity to do so, he made no attempt to communicate with the Insurance Company or any of its agents, and had no intention of giving notice then or at any time. The first information that the Company received concerning the matter was contained in a letter to its agent from the attorney then acting for the plaintiff's intestate, dated September 5, 1934, in which he mentioned the accident and inquired concerning a settlement. A similar letter was written by him to the Company at its general office on September 20. The Company, through its agent and its attorney, endeavored to find Miller, but were unable to do so until November 4. A conference with him was held on November 17, and on November 24 Miller was notified in writing that because of his failure to give reasonable notice of the accident, the Company disclaimed liability under the policy and would refuse to defend any action or to pay any judgment against him. The same information was conveyed to the attorney representing the plaintiff's intestate.

An action against Miller was commenced in the spring of 1935, and a copy of the writ sent to the Company, which it forwarded to Miller. The cause came on for trial at the June Term, 1935, of Bennington county court, resulting in a judgment against Miller for $4,000 damages and $39.07 costs. The Company did not defend. Miller was insolvent. The Company was informed of the judgment, but refused to take any steps towards a settlement, and reiterated its claim that, because of lack of notice, it had assumed no liability.

The plaintiff's intestate died February 22, 1937, and his administrator has brought this bill in equity to recover the amount of the judgment against Miller from the Company.

After the hearing the chancellor found the facts stated above. He also found that neither the insured nor anyone in his behalf

gave notice to the Company, or to any of its agents, as soon as was reasonably possible; that the notice sent by the attorney for the plaintiff's intestate was not a notice furnished as soon as reasonably possible and as required by the terms of the policy; and that no claim was made by the Company that prejudice to it resulted from Miller's failure to give notice.

A decree for the defendant was entered, and the cause comes here on appeal and exceptions by the plaintiff.

■ The first exception is to a finding that the only evidence bearing upon the notice was the testimony of a certain Dr. Lane, to the effect that he telephoned and wrote the Company's agent two days after the accident, as to the truth of which the chancellor was not convinced. The ground of the exception is that elsewhere it was found that a letter was written by the plaintiff's intestate's attorney on September 5, 1934. The objection appears to be in the use of the phrase "only evidence," but it is so clear that the chancellor considered, and made findings based upon, other evidence of notice that the exception requires no further consideration.

Exceptions were taken to the findings that no notice was given by the insured to the Company or to any of its agents until November, 1934, and that neither he, nor anyone in his behalf, gave such notice as soon as was reasonably possible after the accident, and that the letter of the attorney of September 5 was not a notice furnished as soon as reasonably possible, in accordance with the policy. These exceptions may be considered together.

■ It has been held that notice, given by the injured party as a beneficiary and a party in interest, acting in behalf of the insured, may be a sufficient compliance with the terms of the policy, in the absence of action by the insured. *McClellan* v. *Madonti,* 313 Pa. 515, 517, 518, 169 Atl. 760, 761; *Slavins* v. *Standard Accident Ins. Co.,* 27 Fed. (2d) 859, 861; *Metropolitan Casualty Ins. Co.* v. *Colthurst,* 36 Fed. (2d) 559, 561, 562; *Knabe* v. *Independence Indemnity Co.,* 7 N. J. Misc. 93, 144 Atl. 179, 180; and see *Purefoy* v. *Pacific Auto. Indemnity Co.,* 5 Cal. (2d) 81, 53 Pac. (2d) 155, 158. But the notice must be reasonable (*Purefoy* v. *Pacific Auto. Indemnity Co., supra*), for, according to the weight of authority, the injured party stands in the shoes of the insured, and is subject to the provisions

of the policy and to any defense which the insurer might have raised against the insured. This is so whether the right of action is conferred by statute (*Kana* v. *Fishman,* 276 Mass. 206, 176 N. E. 922, 923; *Coleman* v. *New Amsterdam Casualty Co.,* 247 N. Y. 271, 275, 160 N. E. 367, 72 A. L. R. 1443, and cases cited in annotations, 85 A. L. R. 70ff.), or arises under a clause in the insurance contract, as it does here, stipulating that a proceeding brought by the injured party against the insurer, after judgment obtained against the insured, shall be "under the terms of this policy." *Rohlf* v. *Great American Mutual Indemnity Co.,* 27 Ohio App. 208, 215, 161 N. E. 232, 234; *Clements* v. *Preferred Accident Ins. Co. of N. Y.,* 41 Fed. (2d) 470, 76 A. L. R. 17, 21; *Barclay* v. *London Guaranty, etc., Co.,* 46 Colo. 558, 105 Pac. 865, 867, 868; *Schriver* v. *Mayor, etc., of Cumberland,* 169 Md. 286, 181 Atl. 436, 443; and cases cited in annotations, 76 A. L. R. 216ff.

■ ■ Whether a notice has been given with reasonable promptness is ordinarily a question of fact for the trier to decide upon the evidence bearing upon the point. *Reynolds* v. *Reynolds,* 74 Vt. 463, 465, 52 Atl. 1036; *Ward* v. *Maryland Casualty Co.,* 71 N. H. 262, 51 Atl. 900, 903, 93 A. S. R. 514. We need not, however, examine the testimony here, because the ground for the exception is that since no prejudice to the insurer by reason of the delay was claimed, the findings that the notices were not given as soon as reasonably possible after the accident were error.

This is beside the point. The findings touch only the times of giving the notices, and the unreasonableness of the delay in each instance. Whether the notice was unreasonable and whether the lack of prejudice resulting therefrom will enable the plaintiff to recover, in spite of the delay, are distinct questions, and the consideration of the latter may properly be postponed until later in this opinion. These exceptions are unavailing.

■ An exception was taken to a finding that the defendant company had not waived its right to insist upon compliance with the condition of notice to be given as soon as reasonably possible after the accident. This, it appears, is an inference, drawn from facts previously found. See *Lee* v. *Casualty Co. of America,* 90 Conn. 202, 96 Atl. 952, 954. The situation, so far

as it affects this point, was as follows: In reply to the letter from the attorney for plaintiff's intestate, of September 5, 1934, the company's attorney wrote under date of September 22 that "Mr. Bonvouloir [the agent] and I have searched his entire files and can find no policy at least in that company ever issued to any man named Roland Miller at 321 Beaver St., this city, or any name like it. Unless you can furnish us with further details of this coverage, we shall have to close our file in the matter." But on September 27, the company's attorney wrote again, saying, "We finally found where the Preferred covered the Miller car at the time of the accident. However, he did not give the company proper notice under the policy, but I am writing the company and as soon as I have word, I shall be up to investigate and shall call on you about it at that time."

The contention of the plaintiff is that the first of the above letters was equivalent to a denial of the existence of the policy and, being silent as to the defense of lack of proper notice, was a waiver of it. We do not follow this argument. The letter was not a denial that the insurance contract existed, but merely a statement that it could not be identified, coupled with what amounted to a request for further information. It cannot be said that it disclosed an intention of surrendering any defense to which the defendant might have been entitled under the policy. *Boston Elevated Ry. Co.* v. *Maryland Cas. Co.*, 232 Mass. 246, 122 N. E. 196, 198. Moreover, the letter is not to be construed as standing alone. The second letter, written only five days afterward, acknowledged the policy, and gave a distinct notice of the defense which was later insisted upon. We fail to find error in the conclusion reached by the chancellor. *Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281, 287, 165 N. E. 293.

After the chancellor had filed the findings of fact, but before the decree had been entered, the plaintiff filed what is labelled a motion to continue the hearing, but is really a motion to reopen the cause for the presentation of further evidence. The motion refers to the findings that neither the assured nor any one in his behalf gave notice as soon as was reasonably possible after the accident, and that the letter of September 5, 1934, was not a notice furnished as soon as reasonably possible, and as required by the policy; and sets forth the efforts made by several attorneys for plaintiff's intestate to discover the name of the company

under whose policy Miller was insured, their investigations, an unanswered letter to Miller, and their failure to receive the information until just before September 5. The chancellor was requested to hear this testimony as bearing upon the reasonableness of the notice given by the attorney. The motion was denied and the plaintiff excepted.

There may be circumstances that will explain or excuse a delay in giving the notice required by a policy of insurance, and show it to be reasonably prompt. *Rushing* v. *Commercial Casualty Ins. Co.*, 251 N. Y. 302, 304, 167 N. E. 450, per Cardozo, C. J. ''The weight of authority supports the rule that where it is impossible to give the notice of an accident required by the policy, the failure will not bar a recovery, if the notice be given within a reasonable time after the impossibility has passed.'' *Haskell* v. *Eagle Indemnity Co.*, 108 Conn. 652, 144 Atl. 298, 300. See, also, *McCarthy* v. *Rendle*, 230 Mass. 35, 119 N. E. 188, 189, L. R. A. 1918E, 111; *Employers' Liability Assurance Corp.* v. *Roehm*, 99 Ohio St. 343, 124 N. E. 223, 224, 7 A. L. R. 182, and cases cited in annotation, 76 A. L. R. 74ff. The failure must not be due to forgetfulness or lack of diligence. *Reiner* v. *U. S. Casualty Co.*, 228 App. Div. 108, 239 N. Y. S. 196, 198, aff. 256 N. Y. 537, 177 N. E. 130; *Jefferson Realty Co.* v. *Employers' Liability Assurance Corp.*, 149 Ky. 741, 149 S. W. 1011, 1013. The question whether the delay is explained or excused is one of fact for the trier to decide (*Heller* v. *Standard Accident Ins. Co.*, 118 Ohio St. 237, 160 N. E. 707), and the burden of proof is upon the party upon whom the duty of giving of the notice has devolved. *Rushing* v. *Commercial Casualty Ins. Co., supra; Heller* v. *Standard Accident Ins. Co., supra.*

The granting of the motion rested in the sound discretion of the chancellor and like all such rulings is not subject to review in the absence of an affirmative showing of a failure to exercise his discretion, or the abuse of it. *Land Finance Corp.* v. *St. Johnsbury Wiring Co.*, 100 Vt. 328, 333, 137 Atl. 324; *State* v. *Maguire*, 100 Vt. 476, 480, 138 Atl. 741; *Massucco* v. *Tomassi*, 78 Vt. 188, 195, 62 Atl. 57.

In the Maguire case we held that, in view of the shortage in the affidavit filed in support of the motion in that it failed to disclose the materiality of the evidence sought to be introduced, or that the absent witness would be available to testify at an

adjourned trial, an abuse of discretion in denying the motion did not appear. But a new trial was granted upon a petition brought directly to this Court based upon an affidavit showing additional facts, and in consideration of all the evidence produced before the trial court. (Pp. 486ff.)

██ Here, the only question is whether there was an abuse of discretion in the ruling below. It is not the result that this Court might have reached, if it had been charged with the duty of passing upon the motion in the first instance, that is to be considered, for "difference in 'judicial opinion' is not synonymous with 'abuse of judicial discretion.' " *Dyer* v. *Lalor*, 94 Vt. 103, 116, 109 Atl. 30, 36. We must look at the situation as it was presented to the trial court, in view of which its discretion was necessarily exercised. *State* v. *Maguire, supra*, p. 485; *Massucco* v. *Tomassi, supra*, p. 196.

██ The motion was not supported by affidavits, as required by county court rule 19, par. 2 (which is applicable to hearings in chancery proceedings), and it shows upon its face that the plaintiff's counsel had been from the outset perfectly aware of the names of the witnesses (who were the various attorneys who had been engaged in the preparation of the case and two of whom testified as to another subject), and of the testimony that they would give. It seems clear that counsel must have appreciated its bearing upon the issue. The motion was filed after the hearing was completed, both sides had rested, and the chancellor had prepared the findings; not, as in *State* v. *Maguire, supra*, before the trial began. The witnesses were, so far as appeared, available at the hearing, and not prevented from attendance by reason of illness or some other sufficient cause. See *State* v. *Pierce*, 88 Vt. 277, 280, 92 Atl. 218; *Land Finance Corporation* v. *St. Johnsbury Wiring Co., supra.* No claim was made that the plaintiff was taken by surprise by the introduction of evidence by the defense. See *Phelps* v. *Utley*, 92 Vt. 40, 43, 101 Atl. 1011. Neither can it be said that, on the record before us, the plaintiff's case was so strong and his other evidence so persuasive that he might justifiably have felt assured of a favorable finding upon the question of a reasonably prompt notice by plaintiff's attorney, because all that was shown was the fact of the letter of September 5. See *State* v. *Maguire, supra*, pp. 486, 487. In view of all these circumstances, it can-

not be said that the discretion of the chancellor "was exercised on grounds, or for reasons, clearly untenable, or to an extent clearly unreasonable, which is the recognized test in this state." *Temple* v. *Atwood,* 99 Vt. 434, 435, 135 Atl. 591, 592. The exception to the denial of the motion is not sustained.

The next question to be considered is whether the breach of the clause in the policy which required notice of the accident to be given by or on behalf of the insured as soon as was reasonably possible thereafter will bar the plaintiff's recovery, in view of the failure of the defendant to claim resulting prejudice to its rights. In arguing this point the plaintiff's counsel, while admitting a conflict of authority, leans heavily upon *Francis* v. *London Guarantee and Accident Co.,* 100 Vt. 425, 138 Atl. 780. The defense in that case was based upon a claimed breach of the clause in the policy requiring that "the assured shall co-operate with the company, except in a pecuniary way, in the defense of claims and suits and in prosecuting appeals." It was said that, to make a defense under this clause, "it was necessary for the Company to show that Kelley [the assured] failed to cooperate with it in such a way as to prejudice it" (p. 429), but that the evidence did not conclusively show such a lack of cooperation as to entitle the defendant to a reversal of the decree against it, and furthermore, that the breach had been waived by the company, because, having had, before the trial, full knowledge of the circumstances of the accident, it chose to proceed with the defense without asserting the forfeiture (p. 430). So it is claimed that in this jurisdiction an affirmative showing of prejudice to the insurer is necessary, where the breach of a policy provision is relied upon as a defense to a proceeding upon the contract brought by the injured party.

There are other decisions dealing with the same clause which are in accord with the Francis case, among them *Hynding* v. *Home Acc. Ins. Co.,* 214 Cal. 743, 7 Pac. (2d) 999, 85 A. L. R. 13, 19; *Conroy* v. *Commercial Casualty Co.,* 292 Pa. 219, 140 Atl. 905, 907; *Tomlinson* v. *Goldberg,* 121 Pa. Super. Ct. 125, 182 Atl. 765, 766, and see annotation, 72 A. L. R. 1446ff.

It is to be noted, however, that what was said in the Francis case concerning the necessity of proving that a failure to cooperate by the insured was the cause of prejudice to the insurer, was not essential to the decision, since the fact of such failure was

not shown, and, if it had been, the conduct of the insurer was such as to amount to a waiver of the default.

Moreover, we are not dealing with the cooperation clause, but with the provision for notice of the accident. "The obligation of the assured to give information to the company as to the accident is an independent requirement aside from the duty under the paragraph resting on him to co-operate with the insurer. The latter, as is evident from the terms of the paragraph as a whole and the context of the sentence referring to cooperation, applies rather to the conduct of the assured subsequent to the notice, looking to a final determination of the insurer's liability. The purpose of the requirement that the assured in his notice give the insurer information as to the accident is to afford the latter a reasonable opportunity for an investigation of the facts rather than to give it full information upon the basis of which it might proceed to a disposition of the case." *Rochon* v. *Preferred Accident Insurance Co. of N. Y.,* 118 Conn. 190, 171 Atl. 429, 432. The cooperation clause comes into effect after the insurer has assumed its contract obligation and has undertaken the defense. It is, therefore, in the nature of a condition subsequent. 1 Bouvier's Law Dict. (Rawle's 3rd Rev.) tit. "Condition," p. 582. That it was so regarded in the Francis case is evident from the language of the opinion which places the burden of proving its breach upon the insurer. The breach of a condition subsequent is a matter of defense to be pleaded by the defendant. *Tillis* v. *Liverpool, etc., Ins. Co.,* 46 Fla. 268, 35 So. 171, 110 A. S. R. 89, 96; *Allen* v. *Phoenix Assurance Co.,* 12 Idaho, 653, 88 Pac. 245, 8 L. R. A. (N. S.) 903, 906, 10 Ann. Cas. 328; *Forbes* v. *American Mutual Life Ins. Co.,* 15 Gray (Mass.) 249, 257, 77 A. D. 360. Thus it is distinguishable from a condition precedent the performance of which must be alleged by the plaintiff. *Hersey* v. *Northern Assurance Co.,* 75 Vt. 441, 445, 446, 56 Atl. 95; *Tillis* v. *Liverpool, etc., Ins. Co., supra.* And "The fundamental rule as to the burden of proof is that whenever the existence of any fact is necessary in order that a party may make out his case or establish a defense, the burden is on such party to show the existence of such fact." *Willett* v. *Rich,* 142 Mass. 356, 357, 7 N. E. 776, 777, 56 A. R. 684; 5 Wigmore, Evidence (2d ed.), paragraph 2537.

 The rule established by the weight of authority is that where, by the terms of the insurance contract, a specified notice of accident, given by or on behalf of the insured to the insurer, is made a condition precedent to liability on the part of the latter, the failure to do so will release the insurer from the obligations imposed by the contract, although no prejudice may have resulted. Among the cases so holding are *Meyer* v. *Iowa Mutual Liability Ins. Co.*, 240 Ill. App. 431, 436; *Phoenix Cotton Oil Co.* v. *Royal Indem. Co.*, 140 Tenn. 438, 205 S. W. 128, 130; *Lee* v. *Metropolitan Life Ins. Co.*, 180 S. C. 475, 186 S. E. 376, 381; *Jefferson Realty Co.* v. *Employers' Liability Assur. Corp.*, 149 Ky. 741, 149 S. W. 1011, 1014; *Sherwood Ice Co.* v. *U. S. Casualty Co.*, 40 R. I. 268, 100 Atl. 572, 576; *Employers' Liability Assurance Corp.* v. *Perkins*, 169 Md. 269, 181 Atl. 436, 442; *St. Louis Arch. Iron Co.* v. *New Amsterdam Casualty Co.*, 40 Fed. (2d) 344, 347, cert. den. 282 U. S. 882, 75 L. ed. 778, 51 Sup. Ct. 86. Other decisions might be cited, but instead reference may be had to those mentioned in the opinions in the foregoing cases, and in annotation, 76 A. L. R. 182ff.

Indeed, much of the conflict of authority upon this question is more apparent than real. Many of the cases which hold that a showing of prejudice is necessary turn upon a construction of the language of the policy, while recognizing, tacitly at least, the rule stated above. In *Southern Surety Co.* v. *MacMillan Co.*, 58 Fed. (2d) 541, 546, 549, cert. den. 287 U. S. 617, 77 L. ed. 536, 53 Sup. Ct. 18, it was held that where the giving of notice is a condition precedent, the failure to give it relieves the insurer from liability, but that in the particular case the language of the contract could not be said to be unambiguous and to impose a condition, and so, no prejudice to the insurer being shown, recovery was allowed. A very similar case is *Coldwell* v. *Life and Casualty Ins. Co. of Tenn.*, 38 Ga. 589, 144 S. E. 678. *Sokoloff* v. *Fidelity & Casualty Co.*, 288 Pa. 211, 135 Atl. 746, 747, is to the same effect. Other decisions are to the effect that where the policy does not expressly or by necessary implications provide for a forfeiture, or declare the requirement of notice to be of the essence of the contract, the giving of notice is not a condition precedent, and the failure to do so will not defeat recovery where no prejudice to the insurer has resulted therefrom. *Shirley* v. *American Auto. Ins. Co.*, 163 Wash. 136, 300 Pac. 155,

158; *Mass. Bonding & Ins. Co.* v. *Ariz. Concrete Co.*, 47 Ariz. 420, 56 Pac. (2d) 188, 192; *National Union Fire Ins. Co.* v. *Hall*, 233 Ky. 337, 25 S. W. (2d) 738, 739; *Hope Spoke Co.* v. *Maryland Casualty Co.*, 102 Ark. 1, 143 S. W. 85, 38 L. R. A. (N. S.) 62, 68, Ann. Cas. 1914A, 268. In *Ætna Life Ins. Co.* v. *Langston*, 189 Ark. 1067, 76 S. W. (2d) 50, 51, 52, the policy contained no provision for notice. In *Purefoy* v. *Pacific Auto. Indem. Co.*, 5 Cal. (2d) 81, 53 Pac. (2d) 155, 158, the holding was that because, owing to unreasonable delay in giving notice, the insurer was deprived of an opportunity of investigation when the facts were fresh in the minds of the parties and witnesses, and before the physical marks and effects of the accident had been obliterated, prejudice must be presumed. *McClellan* v. *Madonti*, 313 Pa. 515, 169 Atl. 760, 761, dealt with the failure of insured to send to the insurer the summons in the action, and it was held that the latter having had notice the day after the accident, and having investigated the matter, there was no evidence of prejudice. *Baker* v. *Fox* (Mo. App.), 70 S. W. (2d) 72, is based upon almost identical facts. *Employers' Liability Assurance Corp.* v. *Jones County Lumber Co.*, 111 Miss. 759, 72 So. 152, and *Aubry* v. *American Nat. Ins. Co.*, 9 La. App, 385, 120 So. 431, hold that an excusable delay will not bar a recovery, in the absence of prejudice. And in *Parmelee* v. *Ætna Life Ins. Co.* (C. C. A.), 166 Fed. 741, 744, it is held that a mere technical departure from the letter of the contract will not bar recovery when it does not result in substantial injury to the insurer.

██ The reason for the requirement of notice is obvious. "If it be said, as it sometimes is, that such a defense is purely technical, the answer (if one is needed) is that the provision for notice is of the essence of the contract, that it is manifestly an important provision for the protection of the insurer against fraudulent claims, and also against those which, though made in good faith, are not valid. It is a provision which tends to the elucidation of the truth when a claim for indemnity is made. It is one to which the insured agreed, and it is not unreasonable." *Hatch* v. *U. S. Casualty Co.*, 197 Mass. 101, 105, 106, 83 N. E. 398, 400, 14 L. R. A. (N. S.) 503, 125 A. S. R. 332, 14 Ann. Cas. 290.

██ To constitute the giving of notice a condition precedent a specific forfeiture clause is unnecessary, *Barclay* v. *London*

██

*Guaranty, etc., Co.,* 46 Colo. 558, 105 Pac. 865, 868. It is enough if the policy provides that liability thereunder is "subject to the following conditions." *Hoffman* v. *Employers' Liability Assur. Corp.,* 146 Or. 66, 29 Pac. (2d) 557, 560, 562; *Masterson* v. *American Employers' Ins. Co.,* 288 Mass. 518, 193 N. E. 59, 60; *Clements* v. *Preferred Acc. Ins. Co.,* 41 Fed. (2d) 470, 76 A. L. R. 17, 21.

As we have seen, the policy here in issue provides that "This agreement is subject to the following conditions," and so the giving of notice as soon as reasonably possible after the accident was clearly and unambiguously made a condition precedent to liability on the part of the defendant. As we have seen, the burden was on the plaintiff to show its performance. It was a term of the contract by which the insured and the plaintiff's intestate were bound, and, in the absence of compliance therewith, a recovery is barred, whether or not such noncompliance caused prejudice to the defendant. In so holding we adopt the majority rule with regard to conditions for notice, as outlined above.

The plaintiff requested the chancellor to find that the information contained in the second sentence of paragraph "I" of the policy ("respecting the time, place and circumstances of the accident, with the name and address of the injured and any available witnesses"), was not reasonably attainable by Miller, the insured, and took an exception to the refusal so to find. The argument is that the evidence showed that Miller had not had the policy in his possession and did not know its contents, but, obviously, this does not touch the question, for it is a fair inference that the requested information must have been readily obtainable at the time of the accident by one who was a participant therein, and was, so far as here appears, uninjured. Besides this, the exception did not state the grounds upon which it was based, and so, for this reason if for no other, is unavailing. *Fife* v. *Cate,* 85 Vt. 418, 428, 429, 82 Atl. 741; *Hitchcock* v. *Kennison,* 95 Vt. 327, 332, 115 Atl. 156.

Although not specifically mentioned, we have given attention to all the questions raised below, and briefed here, and find no error.

*Decree affirmed.*