## White v. Seaboard Mutual Casualty Company

*John R. Gaughan*, for plaintiff.

*J. Julius Levy*, for defendant.

ROBINSON, J., April 11, 1949.—Plaintiff herein sues in assumpsit on an automobile liability insurance policy. The complaint alleges that defendant insurance company entered into a contract of liability insurance with plaintiff on January 19, 1948; that defendant filed on behalf of plaintiff a certificate of financial responsibility with the Department of Revenue of the Commonwealth under the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340; that plaintiff, while the policy was in force, was involved in an accident in the State of New Jersey; that at the time he was operating a tractor and semitrailer owned by one Jacob Yobs, "that at the time of the accident the said vehicle was not covered by insurance"; that in the accident two persons were injured, one was killed and property was damaged; that suits were instituted against plaintiff in New Jersey which resulted in verdicts against him totaling $3,500; that because of the verdicts defendant is indebted to plaintiff in this amount plus costs, interest, and costs in the present action. Copies of the policy, property damage endorse-

ment and financial responsibility endorsement are attached to the complaint.

Defendant filed preliminary objections averring that the complaint fails to plead compliance with the conditions of the policy that require written notice of an accident be given the company by the insured; that it fails to allege that process in the New Jersey suit was forwarded to the company as required; that it fails to negative or allege the existence of insurance taken out by others than the "Named Insurers" and if so, to name the companies issuing same together with the amount of the policies, and objects that the complaint fails to allege whether Jacob Yobs was operating under authority of the Interstate Commerce Commission or the Pennsylvania Public Utility Commission.

The policy requires the insured to give the company written notice of any accident and requires him to immediately forward summons or other process where suit is brought against him. The Financial Responsibility Endorsement provided:

"If there exists at the time of the accident, any insurance taken out by or effected on behalf of any one other than the Named Insured and under which terms the Named Insured is entitled to protection and coverage, then the policy in this suit should only apply as excess insurance."

Generally, conditions precedent to an insurer's liability on a policy of insurance must be pleaded in a suit on the policy. In 29 Am. Jur. §1418, it is correctly said:

"As a general rule, the plaintiff in an action on an insurance policy, need not allege the performance of warranties or conditions subsequent, nor negative matters of defense, although he must allege compliance with conditions precedent or a waiver thereof."

Where, as here, the policy provides that the insured give the insurer notice of the happening of an accident,

or notice of the institution of suit against the insured, the effect of such provision is to require the insured to plead the compliance in an action on the instrument. It is an integral part of plaintiff's case.

In Ross et al. v. Mayflower Drug Stores, Inc., et al., 338 Pa. 211, 215, the Supreme Court, in considering a policy making the insurer's obligation conditioned upon the giving of prompt notice, said:

"Where a policy contains such a clause, the duty to give the notice as stipulated is a condition precedent, and its breach, whether or not the company suffers prejudice thereby, releases it from the obligations imposed by the policy: Barclay v. London Guarantee & Accident Co., 46 Colo. 558, 105 P. 865; Hoffman v. Employer's Liability Assurance Corporation, 146 Ore. 66, 29 P. (2d) 557; St. Louis Architectural Iron Co. v. New Amsterdam Casualty Co., 40 Fed. (2d) 344; Houran v. Preferred Accident Insurance Co., 109 Vt. 258, 195 A. 253; Malloy v. Head, 90 N. H. 58, 4 A. (2d) 875."

In declaring upon an insurance policy it is not necessary that plaintiff allege the performance of conditions precedent to the liability of the insurer with particularity. A general allegation that plaintiff has performed all conditions and provisions of the policy on his part required to be performed has long been accepted as sufficient. Such is the rule in modern systems of pleading. Pa. R. C. P. 1019 (c) provides:

"In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred."

Here, however, the complaint is without any allegation that plaintiff insured complied with the terms of the policy. Thus its silence in this respect is properly the subject of preliminary objections.

Nor is plaintiff's failure to plead compliance with the terms of the policy excusable because the policy was issued in support of a Pennsylvania certificate of financial responsibility under the Act of June 1, 1945, P. L. 1340, 75 PS §1277. While it is true that the legislation seeks to assure to those persons who have recovered judgments against operators, subject to the provisions of that statute, that the judgment will be paid (Sky et al. v. Keystone Mutual Casualty Co., 150 Pa. Superior Ct. 613), and it has been held that the liability of the company to those injured by the insured is absolute (Polonitz v. Wasilindra et al., 155 Pa. Superior Ct. 62), nevertheless, the action must be based upon the policy of insurance. In Montgomery v. Keystone Mutual Casualty Co., 357 Pa. 223, the court said at page 228:

"Obviously, the claim of the plaintiff rested upon the terms of the insurance policy rather than upon the certificate of its issuance."

Section 21, subsec. f(1), of the Act of 1945, P. L. 1340, provides, inter alia: ". . . no violation of said policy shall defeat or void said policy." It is clear that this provision of the statute makes unavailable to the insurance company those defenses it could ordinarily make against the insured, in the instances where suit is instituted against the company by those who have recovered for the tortious actions of the insured. The purpose of the statute is to assure to this class of persons payment of the judgments they have obtained against the insured and the insurance company undertakes such assurance when on behalf of the insured it files a certificate of financial responsibility.

However, subsection (h) of the same section of the statute provides:

"Any motor vehicle liability policy may provide that the insured shall reimburse the insurance carrier for

any payment the insurance carrier would not have been obligated to make under the terms of the policy, except for the provisions of this act."

The plain and obvious meaning of this language establishes the intention of the legislature to preserve the rights which the insurer may have against the insured under the terms of the policy. As between the insurer and the insured available defenses may be preserved. The statute does not relieve the insured from compliance with the obligation to give notice of the accident and resulting litigation, and here the terms of the policy preserved any of the insurer's rights arising because of noncompliance.

Where the financial responsibility endorsement specifies that the insurance provided by the policy shall be excess coverage if there exists other insurance taken out by one other than the named insured but which gives protection and insurance to the named insured, he must, in a suit on the policy, plead the existence or nonexistence of such insurance so that the insurer may be fully apprised of the nature of the claim it must pay or defend. Here the bare allegation that "the said vehicle was not covered by insurance" is obviously not sufficiently informative and we understand from the oral arguments of counsel not factually correct. The issue is not whether there is insurance on the vehicle but whether the named insured is entitled to the protection of other coverage.

The objection that the complaint fails to state whether the owner of the vehicle was operating under a certificate of the Interstate Commerce Commission or the Pennsylvania Public Utility Commission has no merit.

Therefore, April 11, 1949, the preliminary objections to the complaint are sustained with leave to plaintiff to file an amended complaint within 20 days.